In re NACHMAN.

Ex parte F. B. Q. CLOTHING CO.

(District Court, E. D. South Carolina. March 12, 1914.)

BAILMENT (§ 21*)—RIGHTS OF THIRD PERSONS—NECESSITY OF RECORDING CONTRACT.

Under Civ. Code S. C. 1912, § 3740, making agreements between bailors and bailees of personal property, whereby an interest is reserved by the bailor, void as to subsequent creditors or purchasers unless recorded, but providing that this shall not apply to persons letting or hiring property for temporary use, where ends of cloth were delivered to a merchant to be used only for display or advertisement to procure orders and to be returned immediately on order, there was a letting or hiring of property for temporary use, and the agreement, though not recorded, was not invalid so as to render the cloth subject to the claim of the trustee in bankruptcy of the bailee, although the merchant was to pay for such samples, if he failed to return them; there being no claim of fraud or intended fraudulent evasion of the statute.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 91–102; Dec. Dig. § 21.*]

In the matter of L. Nachman, bankrupt. On petition to review an order of the Referee denying the petition of the F. B. Q. Clothing Company. Reversed, and trustee ordered to deliver certain property to the petitioner.

McNeill & Oliver, of Florence, S. C., for F. B. Q. Clothing Co.
F. L. Willcox, of Florence, S. C., for trustee.

SMITH, District Judge. This matter has come on to be heard upon a petition to review an order of the referee in bankruptcy made February 10, 1914, refusing the petition of the above-named petitioners.

The facts are not disputed. The petitioners shipped and delivered to the bankrupt whilst he was in business the articles claimed in the petition. The testimony is not very clear, but it appears that the petitioner shipped the bankrupt certain "ends of cloth" for the purposes of "display," i. e., of exhibition to solicited customers to induce orders for suits corresponding to the "ends" or samples displayed. These "ends" were by the agreement not to be sold, but were shipped on consignment only, to remain the property of the petitioner, subject to immediate return upon order, and to be used only for display or advertisement to procure orders. Whenever orders were procured on these samples, the bankrupt would send the orders in and they would be filled by the petitioner; the bankrupt receiving for his services 33⅓ per cent. of the charge. In addition to this, the bankrupt seems to have ordered other goods and suits for which he was billed, but that was

independent of these "ends," which he was to use for display only, and for orders based on which he was to receive the 33⅓ per cent. The written agreement affecting these "ends" was never recorded, and the question now made is that by reason of the failure to record this agreement under the terms of section 3740, Code of Laws of S. C. 1912, the "ends" so consigned became in the hands of the trustee in bankruptcy the property of the bankrupt estate applicable to the claims of the general creditors of the bankrupt.

The language of that section is as follows:

"Every agreement between the vendor and vendee, bailor or bailee of personal property, whereby the vendor or bailor shall reserve to himself any interest in the same, shall be null and void as to subsequent creditors (whether lien creditors or simple contract creditors) or purchasers for valuable consideration without notice, unless the same be reduced to writing and recorded in the manner now provided by law for the recording of mortgages; but nothing herein contained shall apply to livery stable keepers, inn keepers, or any other person letting or hiring property for temporary use or for agricultural purposes, or depositing such property for the purpose of repairs or work or labour done thereon, or as a pledge or collateral to a loan."

Under the general wording of the statute, the contention would appear to be resolved against the petitioner unless the present case comes within the exception in the section.

To hold that every bailment of the character in question must be reduced to writing and recorded, and that the petitioners' claim is not covered by the exception, would have very far-reaching results. It would practically put an end to the shipment of personal property for sale under consignment. No farmer could ship his crops to a factor or commission merchant for sale, no breeder of horses, mules, or live stock generally could ship to a commission merchant or stableman for sale, no manufacturer could ship his wares, no miner his products to a third person for sale, with any safety without an agreement being made in writing and recorded, unless such shipments be held to be the letting or hiring property for temporary use as excepted by the statute. Such a result would break up the rules and methods of such commercial transactions as established since time immemorial, and the court does not feel justified in holding that the language of the statute intends any such result.

Under the testimony in the case the court holds the petitioners' claim within the statutory exception.

Were there any charge here of fraud or intended fraudulent evasion of the statute, the result might be otherwise. The court is not bound to permit the fraudulent or pretensive use of the exception to escape the prohibition of the statute. But there is no such charge nor any evidence to support it. The evidence does show that if the bailee, the temporary holder and exhibitor of the samples or "ends," failed to account for and return them, he was bound to pay the value. But a common carrier who does not produce the consignment of which it is the bailee is bound to pay its value, and can also, if it sees fit, insure the bailment while in possession, and if destroyed collect the insurance therefor. The difference, of course, between the case of a carrier and the present case may be that, the possession of the carrier being only for transportation, no one can be thereby misled into giving credit,

while the possession of a merchant can operate that result; but if the character of the bailee were to affect the interpretation of the statute it would still exclude all consignments to merchants for the purposes only of sale.

So far as can be gathered from the testimony, the case is one of the deposit in the hands of a third person of samples or "ends" to be used only for the purposes of display to procure orders for the purchase of goods similar to the samples, which "orders" were then to be filled by the principal.

It is, accordingly, ordered that the order of the referee made February 10, 1914, be reversed, and that the trustee in bankruptcy do deliver to the petitioner the ends of cloth referred to in the said order of the referee.